# CIVIL COVER SHEET

The JS 44 civil coversheet and the information contained herein neither replace nor supplement the filing and service of pleadngs or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States inSeptember 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

CHRISTOPHER SMOLYN

**(b)** County of Residence of First Listed Plaintiff BUCKS
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Sidney L. Gold, Esquire
Sidney L. Gold & Assoc., P.C.
1835 Market St., Suite 515 Phila., PA 19103 215-569-1999

**DEFENDANTS**

HUNTINGDON VALLEY COUNTRY CLUB

County of Residence of First Listed Defendant MONTGOMERY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* *(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☒ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence

Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district *(specify)* ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
ADEA PHRA

Brief description of cause:

**VII. REQUESTED IN COMPLAINT:**

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

**DEMAND $** In excess of 150,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

**VIII. RELATED CASE(S) IF ANY** *(See instructions)*: JUDGE DOCKET NUMBER

DATE 11/12/2015

SIGNATURE OF ATTORNEY OF RECORD SIDNEY L. GOLD, ESQUIRE

**FOR OFFICE USE ONLY**

RECEIPT # AMOUNT APPLYING IFP JUDGE MAG. JUDGE

JS 44 Reverse (Rev. 09/11)

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as require by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I. (a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use onl the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, givi both name and title.

(b) County of Residence. For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) Attorneys. Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II. Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdicti on arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is aparty, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III. Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this secti for each principal party.

**IV. Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V. Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28U.S.C., Section 1441. When the petitior for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI. Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause **Do not cite jurisdictional statute unless diversity.** Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII. Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII. Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT

APPENDIX A

FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff 25 CHAPEL DRIVE, HOLLAND PA 18966

Address of Defendant 2295 COUNTRY CLUB DRIVE HUNTINGDON VALLEY PA 19006

Place of Accident, Incident or Transaction 2295 COUNTRY CLUB DRIVE HUNTINGDON VALLEY PA 19006

(Use Reverse Side For Additional Space)

Does this case involve mutidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: ______ Judge ______ Date Terminated: ______

Civil cases are deemed related when yes is answered to any of the following questions:

1 Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court?

Yes☐ No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?

Yes☐ No☒

3. Does this case involve the validity or infringement of a patent already in suitor any earlier numbered case pending or within one year previously terminated action in this court?

Yes☐ No☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Case&

1 ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2 ☐ FELA
3 ☐ Jones Act-Personal Injury
4 ☐ Antitrust
5 ☐ Patent
6 ☐ Labor-Management Relations
7 ☒ Civil Rights
8 ☐ Habeas Corpus
9 ☐ Securities Act(s) Cases
10 ☐ Social Security Review Cases
11 ☐ All other Federal Question Cases
(Please specify)

B. Diversity *Jurisdiction* Cases:

1 ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6 ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8 ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases
(Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate* Category)

**SIDNEY L. GOLD, ESQUIRE** counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53 2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000 00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought

DATE: 11-12-2015 /s/ SIDNEY L. GOLD, ESQUIRE SLG-21374

Attorney-at-Law Attorney I D #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.

DATE: 11-12-2015 /s/ SIDNEY L. GOLD, ESQUIRE SLG-21374

Attorney-at-Law Attorney I D #

UNITED STATES DISTRICT COURT

APPENDIX A

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA -DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.**

Address of Plaintiff: 25 CHAPEL DRIVE, HOLLAND PA 18966

Address of Defendant: 2295 COUNTRY CLUB DRIVE HUNTINGDON VALLEY PA 19006

Place of Accident, Incident or Transaction: 2295 COUNTRY CLUB DRIVE HUNTINGDON VALLEY PA 19006

(Use Reverse Side For Additional Space)

Does this case involve mutidistrict litigation possibilities? Yes☐ No☒

*RELATED CASE, IF ANY:*

Case Number: ____________ Judge ____________ Date Terminated: ____________

Civil cases are deemed related when yes is answered to any of the following questions:

1 Is this case related to property included n an earlier numbered suit pending or within one year previously terminated action in this court? Yes☐ No☒

2 Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes☐ No☒

3 Does this case involve the validity or infringement of a patent already in suitor any earlier numbered case pending or within one year previously terminated action in this court? Yes☐ No☒

CIVIL: (Place X in ONE CATEGORY ONLY)

A. *Federal Question* Case&

1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. Diversity *Jurisdiction* Cases:

1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability -Asbestos
9. ☐ All other Diversity Cases (Please specify)

## ARBITRATION CERTIFICATION

*(Check appropriate* Category)

**SIDNEY L. GOLD, ESQUIRE** counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53 2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum d $150,000 00 exclusive of interest and costs;

☒ Relief other than monetary damages is sought

DATE: 11-12-2015 /s/ SIDNEY L. GOLD, ESQUIRE SLG-21374

Attorney-at-Law Attorney I D #

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

**I certify that, to my knowledge, the within case is not related to any case now pending or within one year previous ly terminated action in this court except as noted above.**

DATE: 11-12-2015 /s/ SIDNEY L. GOLD, ESQUIRE SLG-21374

Attorney-at-Law Attorney I D #

CIV 609 (9/99)

IN THE- UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

CHRISTOPHER SMOLYN — CIVIL ACTION

v

HUNTINGDON VALLEY COUNTRY CLUB — NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus -- Cases brought under 28 U.S.C. § 2241 through §2255. ( )

(b) Social Security - Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits. ( )

(c) Arbitration -- Cases required to be designated for arbitration under Local Civil Rule 53.2. ( )

(c) Asbestos -- Cases involving claims for personal injury or property damage from exposure to asbestos. ( )

(d) Special Management -- Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.) ( )

(e) **Standard Management -- Cases that do not fall into any one of the other tracks.** (X)

11-12-2015
Date

/S/SIDNEY L. GOLD, ESQUIRE
Attorney-at-law

/S/SIDNEY L. GOLD, ESQUIRE
Attorney for Plaintiff

Wiy. 660) 7195

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| CHRISTOPHER SMOLYN, *Plaintiff,* v. HUNTINGDON VALLEY COUNTRY CLUB, *Defendant.* | **CIVIL ACTION NO:** **JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

## I. PRELIMINARY STATEMENT:

1. This is an action for an award of damages, declaratoryand injunctive relief, attorneys' fees, and other relief on behalf of Plaintiff, Christopher Smolyn ("Plaintiff Smolyn"), a former employee of the Defendant, Huntingdon Valley Country Club ("Defendant"), who has been harmed by the Defendant's discriminatory employment practices.

2. This action arises under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C.A. § 621, *et. seq*., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et. seq.*

## II. JURISDICTION AND VENUE:

3. The original jurisdiction of this Court is invoked, and venue is proper in this judicial district, pursuant to Title 28 U.S.C. §§1331 and 1391, as Plaintiff Smolyn's claims are substantively based on the ADEA and a substantial part of the events giving rise to Plaintiff Smolyn's claims occurred within this district.

4. The supplemental jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1367 to consider Plaintiff Smolyn's claims arising under the PHRA.

5. All conditions precedent to the institution of this suit have been fulfilled and Plaintiff Smolyn has satisfied all jurisdictional prerequisites to the maintenance of this action. On August 26, 2015, the Equal Employment Opportunity Commission ("EEOC") issued a Notice of Right to Sue and this action has been filed within ninety (90) days of receipt of said notice.

## III. PARTIES:

6. Plaintiff, Christopher Smolyn ("Plaintiff Smolyn"), is a forty-seven (47) year oldindividual and citizen of the Commonwealth of Pennsylvania, residing therein at 25 Chapel Drive, Holland, PA 18966.

7. Defendant, Huntingdon Valley Country Club ("Defendant"), was and is now a Non-Profit duly organized and existing under the laws of the Commonwealth of Pennsylvania, maintaining a place of business therein at 2295 Country Club Drive, Huntingdon Valley, PA 19006.

8. At all times relevant hereto, the Defendant was acting through its agents, servants and employees, who were acting within the scope of their authority, course of employment, and under the direct control of the Defendant.

9. At all times material herein, the Defendant has been a "person" and "employer" as defined under the ADEA and the PHRA. Accordingly, the Defendant is subject to the provisions of each said Act.

## IV. STATEMENT OF CLAIMS

10. Plaintiff Smolyn, a forty-seven (47) year old individual, was employed by the Defendant from in or about March of 2006 until on or about January 22, 2014, the date of his unlawful termination.

11. During his tenure of employment with the Defendant, Plaintiff Smolyn held the position of Executive Chef and maintained an exemplary job performance rating in said capacity.

12. In or about April of 2013, the Defendant underwent a substantial change in management. In connection therewith, Robert Anen ("Anen"), an approximately thirty (30) year old individual, assumed the position of General Manager/Chief Operating Officer and became Plaintiff Smolyn's immediate supervisor.

13. On or about January 22, 2014, Anen abruptly terminated Plaintiff Smolyn's employment, allegedly because the Defendant was "moving in a different direction."

14. Immediately thereafter, the Defendant replaced Plaintiff Smolyn with Timothy Pervizi ("Pervizi"), a less experienced, less qualified,significantly younger, approximately thirty (30) year old individual.

15. Accordingly, Plaintiff Smolyn believes and therefore avers that the Defendant's articulated reason for terminating his position of employment was pretextual and that the Defendant actually terminated his position of employment on the basis of his age, forty-six (46).

**COUNT I**
**(ADEA – Age Discrimination)**
**Plaintiff Smolyn vs. the Defendant**

16. Plaintiff Smolyn incorporates by reference paragraphs 1 through 15 of this Complaint as though fully set forth at length herein.

17. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Smolyn to unlawful discrimination on the basis of his age, forty-six (46),constitute a violation of the ADEA.

18. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Smolyn sustained permanent

and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

19. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the ADEA, Plaintiff Smolynhas suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**COUNT II**
**(PHRA –Age Discrimination)**
**Plaintiff Smolyn vs. the Defendant**

20. Plaintiff Smolyn incorporates by reference paragraphs 1 through 19 of this Complaint as though fully set forth at length herein.

21. The actions of the Defendant, through its agents, servants, and employees, in subjecting Plaintiff Smolyn to unlawful discrimination on the basis of his age, forty-six (46), constitute a violation of the PHRA.

22. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Smolyn sustained permanent and irreparable harm, which caused him to sustain a loss of earnings, plus the value of certain benefits, plus loss of future earning power, plus back pay, and front pay and interest due thereon.

23. As a further direct result of the aforesaid unlawful discriminatory employment practices engaged in by the Defendant in violation of the PHRA, Plaintiff Smolynhas suffered severe emotional distress, embarrassment, humiliation, and loss of self-esteem.

**PRAYER FOR RELIEF**

24. Plaintiff Smolyn incorporates by reference paragraphs 1 through 23 of this Complaint as though fully set forth at length herein.

**WHEREFORE**, Plaintiff Smolyn respectfully requests that this Honorable Court enter judgment in his favor and against the Defendant and Order the following relief:

a. The Defendant compensate Plaintiff Smolyn for the wages and other benefits and emoluments of employment lost, because of its unlawful conduct;

b. The Defendant pay to Plaintiff Smolyn compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses as allowable by law.

c. The Defendant compensate Plaintiff Smolyn with an award of front pay, if appropriate;

d. The Defendant pay to Plaintiff Smolyn punitive damages under any applicable law, pre-judgment interest and post-judgment interest, costs of suit, attorney's fees, and expert witness fees as allowable by law;

e. The Defendant pay to Plaintiff Smolyn such further and additional relief as may be just and proper, or that the interests of justice may require.

**JURY DEMAND**

Plaintiff Smolyn demands a trial by jury.

SIDNEY L. GOLD & ASSOCIATES, P.C.

By: /s/ Sidney L. Gold, Esquire
SIDNEY L. GOLD, ESQUIRE
I.D. NO.: 21374
1835 Market Street, Suite 515
Philadelphia, PA 19103
(215) 569-1999
Attorney for Plaintiff

Dated: November 12, 2015

**VERIFICATION**

I hereby verify that the statements contained in this **Complaint** are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are made subject to the penalties of Title 18 Pa. C.S.A. §4904, relating to unsworn falsification to authorities.

**DATE:** 11/5/2015

Christopher Smolyn
CHRISTOPHER SMOLYN, Plaintiff